


# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

TATYANA VOGEL,

Plaintiff,

vs.

OCEANSIDE UNIFIED SCHOOL DIST., et al.,

Defendant.

CASE NO. 11cv2322-LAB (JMA)

**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL; AND**

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

On October 7, 2011, Plaintiff Tatyana Vogel, proceeding *pro se*, filed her complaint against 32 separate Defendants. Along with her complaint, she filed a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel.

## I. IFP Motion

The IFP motion filed in the docket consisted of two pages, but does not include a signature page. Because it is incomplete and not signed, *see* Fed. R. Civ. P. 11(a), the motion is **DENIED WITHOUT PREJUDICE**. Vogel may file a signed, complete application if she wishes.

## II. Motion to Appoint Counsel

There is no Constitutional right to counsel in civil matters unless the indigent litigant is in danger of losing his physical liberty, *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25

(1981), which is not the case here. Under 28 U.S.C. § 1915,[1] the Court may appoint counsel to represent an indigent civil litigant only in exceptional circumstances, which require the Court to consider both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

As discussed below, the Court is unable to determine whether Ms. Vogel is likely to succeed in her case, because the Complaint doesn't adequately say why her case belongs in federal court. Her claims appear to be based on alleged retaliation for whistleblowing, which is not a particularly complex claim. Although the Complaint Ms. Vogel filed is not adequate, it appears the claims are simple enough and she is familiar enough with the facts that she can articulate her claims without the help of an attorney. The circumstances hear do not appear to be so exceptional as to make appointment of counsel appropriate. The motion for appointment of counsel is therefore **DENIED**.

**III. Failure to Invoke the Court's Jurisdiction**

The Court is obliged to examine its own jurisdiction, sua sponte if necessary. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Because the parties are obviously not diverse, and because the Complaint doesn't appear to support any other jurisdictional basis, it seems Vogel is relying on federal question jurisdiction under 28 U.S.C. § 1331. The Complaint, however, identifies no federal question, fails to state a claim, and does not comply with Fed. R. Civ. P. 8(a)'s "short and plain statement" requirements.

The Complaint itself is only two half-pages long, and generally gives only a few factual details of Ms. Vogel's claim. It says she was an employee of the Oceanside Unified School District, that during her employment she "witnessed and experienced lack of response from California School Employees' Association," (Compl. at 1:22) and that as a result of abuse

---

[1] Ms. Vogel's application for appointment of counsel was submitted on a form citing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) as authorizing appointment of counsel. It appears she used this form for convenience, rather than because she thought § 2000e applied here. But to be clear, § 2000e does not authorize appointment of counsel in this case, because the claims here don't arise under Title VII and Ms. Vogel's right-to-sue letter, she says, was issued by the Department of Justice rather than the EEOC. In any event, it is clear appointment of counsel under either statute would be inappropriate.

and mistreatment of students she witnessed, she "experienced unlawful retaliation, whistle-blow actions that made my work environment intolerable and made my job duties difficult to perform." (*Id.* at 1:25–27.) The Complaint does not say who retaliated against Ms. Vogel, nor does it identify any facts showing she was retaliated against. The rest of the very short complaint merely discusses the procedural history of the case, and asks the Court to look at all 29 pages of the Complaint's attachments.

The only attachment the Complaint specifically points out is a right-to-sue letter from the U.S. Department of Justice issued September 30, 2011. (Complaint at 2:1–2.) But no such letter is attached, nor are any of the attachments dated September 30, 2011. The remainder of the attachments consist of various letters, emails, faxes, forms, and her state court complaint which is no more detailed than the Complaint here.

Even if the right-to-sue letter were attached, the Court cannot examine the attachments, guess at Ms. Vogel's claims, and create allegations and arguments for her. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (explaining that the court could not properly "inject itself into the adversary process"); *see also Licon v. Marshall,* WL 2121647, slip op. at *2–*3 (S.D.Cal., July 23, 2007) (citing *Jacobsen*) (explaining that a court is not "required to examine the entire record and create arguments on [a party's] behalf").

The Complaint is therefore **DISMISSED WITHOUT PREJUDICE** for failure to invoke the Court's jurisdiction and for failure to state a claim. If Ms. Vogel wishes to file an amended complaint, she may do so, but she must first either pay the filing fee or file a complete IFP application.

It has come to the Court's attention that Ms. Vogel has been calling chambers seeking legal advice and urging the Court to rule quickly on her motions. *Ex parte* communications on disputed matters, including requests for legal advice, are not permitted. Any requests for the Court to take action, including requests that concern the timing of rulings, or the

///

///

clarification or reconsideration of the Court's orders, should be filed in the docket, where they will be publicly viewable.

**IT IS SO ORDERED.**

DATED: 10.27-11

Larry A. Burns

**HONORABLE LARRY ALAN BURNS**
United States District Judge