# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA VOGEL,<br><br>                         Plaintiff,<br>   vs.<br><br>OCEANSIDE UNIFIED SCHOOL DIST., et al.,<br><br>                         Defendant. | CASE NO. 11cv2322-LAB (JMA)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**SCREENING ORDER** |

On October 7, 2011, Plaintiff filed her complaint along with a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. On October 28, the Court dismissed the complaint without prejudice for failure to invoke the Court's jurisdiction, denied the IFP motion as incomplete, and also denied the motion for appointment of counsel.

On January 12, 2012, Ms. Vogel filed a new IFP motion and an amended complaint. The Court has reviewed the IFP motion, finds Ms. Vogel cannot afford to pay the filing fee, and **GRANTS** the motion.

The Court is required to screen a complaint by a plaintiff proceeding IFP, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Although the original complaint sought relief from over thirty Defendants, the caption in this case names only two, followed by "et al." Under Fed. R. Civ.

P. 10(a), the title of every pleading must name all the parties. The amended complaint's allegations only refer to the two named Defendants. Even though Ms. Vogel might have intended to name other Defendants or make allegations against them, she didn't. Claims against the remaining Defendants are therefore deemed abandoned.

The two named Defendants are the Oceanside Unified School District and the California School Employees Association. The only allegation concerning the CSEA, however, is that the union failed to address her complaints about harassment. This is insufficient to state a claim, and is **DISMISSED**. Because this is the only claim against the CSEA, it is **DISMISSED** as a party, without prejudice.

Attached to the complaint is a right-to-sue letter from the EEOC, telling Ms. Vogel she has the right to sue the school district. This letter suggests that Ms. Vogel in fact intends to sue the school district over the matters she complained about. One problem with this letter is that it appears to be the original. The Clerk is therefore directed to file a copy of this letter in the docket, and return the original to Ms. Vogel.

The Court has reviewed the complaint and finds it satisfies the minimal requirements to survive mandatory screening under 28 U.S.C. § 1915A. Ms. Vogel should be mindful, however, that this review is merely a preliminary matter and does not foreclose the possibility that her amended complaint may be dismissed later, should grounds for dismissal become evident. *See Teahan v. Wilhelm*, 481 F. Supp.2d 1115, 1119 (S.D.Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring.")

Accordingly, the Court finds Ms. Vogel is entitled to U.S. Marshal service on her behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

The Clerk shall issue a summons as to Ms. Vogel's amended complaint upon Defendant Oceanside Unified School District and shall forward it to her along with a blank

1 U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of
2 this Order and a certified copy of his amended complaint and the summons for purposes of
3 serving the Oceanside Unified School district. Upon receipt of this "IFP Package," Plaintiff
4 is directed to complete the Form 285 as completely and accurately as possible, and to return
5 them to the United States Marshal according to the instructions provided by the Clerk in the
6 letter accompanying the IFP package.

7 Thereafter, the U.S. Marshal shall serve a copy of the amended complaint and
8 summons upon Oceanside Unified School District as directed by Plaintiff on the USM Form
9 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d);
10 Fed. R. Civ. P. 4(c)(3).

13 **IT IS SO ORDERED**.
14 DATED: January 19, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge