UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TATYANA VOGEL,<br><br>                         Plaintiff,<br>vs.<br><br>OCEANSIDE UNIFIED SCHOOL DIST.,<br><br>                         Defendant. | CASE NO. 11cv2322-LAB (JMA)<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE; AND**<br><br>**ORDER DENYING REQUEST TO STRIKE** |
|---|---|

Plaintiff Tatyana Vogel, who is proceeding *pro se* and *in forma pauperis*, filed her complaint bringing employment discrimination claims against multiple Defendants. When her motion to proceed *in forma pauperis*, her original complaint was also dismissed but she was given leave to file an amended complaint if she either filed a renewed motion to proceed *in forma pauperis* or paid the filing fee.

When Vogel's renewed motion to proceed *in forma pauperis* was granted, the Court ordered her amended complaint (the "FAC") served on the sole Defendant, Oceanside Unified School District ("Oceanside").

Oceanside has now moved to dismiss the FAC for failure to state a claim, or in the alternative, for a more definite statement. Oceanside's motion (the "Motion") argues the FAC's claims are vague and incomprehensible, and fails to give notice of what her claims are.  The Motion, in the alternative, points out particular defects in the pleading, depending

on what her theories are. Some of this discussion cites authority showing what the elements of particular claims are.

Oceanside, in its reply brief, argues Vogel never served her with her opposition, and asks that it be stricken.

**Request to Strike**

Whether Oceanside was ever served with process is unclear. After the Court granted Vogel's motion to proceed *in forma pauperis* and directed the Marshals to serve Oceanside, Vogel then directed the Marshals to serve <u>twenty</u> non-Defendants with process, which they did. The Court quickly put a stop to this and quashed service on everyone except Oceanside. (Docket no. 31). Although no proof of service on Oceanside was ever filed, Oceanside made a general appearance by filing the Motion. It did so without first obtaining a hearing date as required by local rule. The Court nevertheless set a briefing schedule, directing Vogel to file her opposition and setting a time for Oceanside to file its reply.

At that time, Oceanside's attorneys were required to register for Electronic Case Filing at that time. *See* Civil Local rule 5.4. Had they done so, this would have meant they received electronic notice of Vogel's filing of her opposition. Instead, they say, they waited for the opposition to be served on them and only found out about it when they checked the docket.

Although Vogel may not have served her opposition, Oceanside had constructive notice of it. First, Oceanside says it knew about the briefing schedule. If Oceanside for any reason wasn't receiving electronic notices of filed documents (which are sent automatically by the CM/ECF system), it was obligated to remedy this, and also to check the docket regularly in the meantime. Because Oceanside knew the Court had set a briefing schedule, its attorneys knew to check the docket for her opposition.

The fact that Oceanside didn't receive actual notice of Vogel's opposition was its own doing. Because Oceanside had constructive notice, the request to strike Vogel's opposition is **DENIED**.

/ / /

/ / /

**Legal Standards for Motion to Dismiss**

When deciding whether a complaint adequately states a claim, the Court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The Court construes the alleged facts in the light most favorable to the plaintiff, *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1988), and draws all reasonable inferences in her favor. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). But the Court does not draw unreasonable inferences, *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), nor will it supply facts a plaintiff has not pleaded. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court may consider material submitted as part of the complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–69 (9th Cir.2001). While the Court liberally construes the pleadings of *pro se* litigants such as Vogel, *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988), it is not the Court's role to serve as an attorney for either litigant, and the Court will not review exhibits and create arguments for her. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–66 (9th Cir.1986) (holding that the court must remain a "referee" in the adversarial process, and cannot serve as legal counsel for a party, even if that party is a *pro se* litigant). The fact that Plaintiff is representing herself and may not understand the law well does not excuse him from following the same rules that apply to all other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

To survive a motion to dismiss, the complaint must contain more than just a statement of facts that creates the possibility or suspicion of a valid claim. *Twombly*, at 555. It must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. In other words, the complaint must plead facts that show Vogel is entitled to relief. If the Court, when reading the complaint, has to insert facts to show why Vogel would be entitled to relief, the complaint is insufficient. To the extent Vogel has made conclusions not based on pleaded facts, the complaint is also insufficient.

**The FAC's Allegations**

The FAC says Vogel is bringing claims arising under Title VII of the Civil Rights Act of 1964. It alleges that she "was subject to repeated harassments based on national origin as she is Russian . . . ." (FAC at 1:27–2:1.) It doesn't say what things or types of things were done that amounted to harassment. The FAC does say Vogel was harassed by her supervising teacher and by an aide, and that she reported these incidents to school administration and to officials in the Oceanside Unified School District but they did nothing to address the problem. The FAC says the aide "engaged in creating a hostile work environment by making sexual jokes about the Plaintiff[,] causing her distress" and that this was reported as well. (*Id*. at 2:2–3.) Vogel alleges she was placed on paid administrative leave for six months, and eventually dismissed for cause, in retaliation for her complaints. Vogel attaches her right-to-sue letter to the complaint.

**Discussion**

The FAC identifies two alleged harassers as a "supervising teacher" and an instructional aide. It isn't clear whether Vogel had only one supervising teacher and worked with only one aide, or whether there are several people who might fit that description. Oceanside argues it doesn't know who she is talking about.  If she knows these people's names, Vogel should allege them; if not, she should at least allege enough information to allow Oceanside to identify them.

Vogel's allegations that the teacher and aide harassed her because of her national origin aren't sufficient to establish a Title VII claim. The allegations don't make clear whether the teacher and aide made harassing remarks or engaged in harassing behavior that targeted Vogel's Russian heritage, or whether they harassed her in some other way, and Vogel believed the reason was that she was Russian. Either way, the allegation involves a conclusion without facts to support it.

If Vogel is alleging that the teacher and aide made ethnic slurs or engaged in similar behavior, she needs to allege what type of behavior it was and how frequent or pervasive it was. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 and n.1 (1998) (explaining

that mere rudeness, insensitivity, simple teasing, or isolated epithets do not amount to harassment; rather, the environment must be severe and both objectively and subjectively offensive). She does not need to retell the whole story day by day, but she must provide enough information that Oceanside and the Court can evaluate whether the behavior she is complaining about amounts to harassment.

If Vogel is alleging that the teacher and aide harassed her in general (not racially), but that their harassment was because she is Russian, she must plead facts that, if true, would establish this. For example, she would need to plead facts showing that they targeted her because she is Russian and not for some other reason. The facts she pleads should be enough to make her claim plausible and not merely possible.

For similar reasons, the allegation that the aide "engaged in creating a hostile work environment by making sexual jokes about the Plaintiff[[,] causing her distress" is insufficient. This allegation leaves open the possibilities that the aide made only occasional jokes, or jokes that were not objectively offensive, or that the jokes were not a cause of Vogel's tensions at work. *See Faragher*, 524 U.S. at 787–88; *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993) (before concluding that an environment was "hostile" or "abusive" it should consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance"). Again, a detailed story is not required, just enough facts to support the conclusion that the aide's jokes created a hostile work environment.

The FAC doesn't allege that Vogel was terminated because she was Russian, but the Motion addresses this possibility. But there is no indication Vogel is trying to make that claim.

The FAC also attempts to bring a retaliation claim, but it relies heavily on conclusions and doesn't plead enough facts. It merely says she was put on leave and eventually dismissed because she made the reports; it doesn't plead facts that would show a cause and effect. It leaves open the possibility, for example, that Vogel merely thought she was put on leave and dismissed because of her complaints. Vogel also doesn't allege facts that would

show she was not put on leave and dismissed for other reasons. Her allegation that she was dismissed for causes she disputes shows that Oceanside gave some causes for dismissing her, but that she doesn't accept them. She says her performance was never questioned until she complained, then argues that this shows the reasons Oceanside gave for dismissing her were false. What is missing here is an allegation of what causes Oceanside gave for putting her on leave and then dismissing her, and an allegation of facts showing that those were pretexts. It is well-known, for example, that an employee with an otherwise good record can be put on leave or dismissed for newly-discovered valid reasons, or other valid reasons unrelated to the employee's record. If Vogel wishes to bring a retaliation claim, she must plead facts showing that she was not put on leave or dismissed for valid reasons, but instead was put on leave and dismissed because she complained about the teacher's and aide's harassment of her.

Ms. Vogel should also, if possible, include dates or at least an approximate time when the events happened. The original complaint attached documentary evidence (emails, complaint forms, and the like), and it is difficult to match allegations with documents unless the complaint either cites to dated documents or identifies the approximate dates when the various events happened.

**Conclusion and Order**

The Court concludes that the FAC does not make enough factual allegations to meet the *Twombly* and *Iqbal* standard. Unless it is clear the pleading's deficiencies could not be cured by pleading additional facts, the Court will give a *pro se* litigant an opportunity to amend her complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Because Vogel may be able to plead additional facts to correct the defects this order has identified, she will be given leave to amend. Vogel is cautioned, however, that she is not entitled to unlimited chances to amend, *see Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir.2008),so she should take care to address the problems this order identifies.

/ / /

Vogel may file an amended complaint no later than **April 30, 2013**. It must address the problems identified in this order. If she fails to amend within the time permitted, this action will be dismissed without leave to amend.

**IT IS SO ORDERED**.

DATED: March 22, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge