```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TATYANA VOGEL, | CASE NO. 11cv2322-LAB (JMA) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS; AND** |
| vs. | |
| OCEANSIDE UNIFIED SCHOOL DIST., | **ORDER OF DISMISSAL** |
| Defendant. | |

    Plaintiff Tatyana Vogel, who is proceeding *in forma pauperis*, filed her complaint in this action bringing discrimination claims under Title VII of the Civil Rights Act of 1964. The Court dismissed the original complaint for failure to invoke its jurisdiction. Vogel then filed an amended complaint, which was screened and dismissed. She then filed her second amended complaint (the "SAC"), which survived screening and was served on Defendant. At the time Vogel filed her SAC, she was proceeding *pro se*. Since then, she has obtained counsel, who is now representing her.

    Defendant has now moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). The motion argues Vogel's claims are vague and incomprehensible, and therefore fail to meet the pleading standards, even when construed liberally. The motion is not long, but cites particular portions of the SAC to show the pleadings are missing the necessary facts.

The Court construes *pro se* pleadings in civil rights cases liberally, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987), but will not supply facts a plaintiff has not pleaded. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). The pleading standard is governed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). This standard doesn't allow a plaintiff to plead mere "labels and conclusions;" rather, she must allege facts sufficient to raise her "right to relief above the speculative level." *Twombly* at 555. The pleaded facts must show her claim is plausible, not merely possible. *Iqbal* at 678.

The fact that the Court found the SAC could survive screening preclude or even weigh against dismissal; "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D.Cal. 2007).

Vogel's opposition, filed by her counsel, bravely defends the SAC, pointing out specific factual allegations, and characterizing the pleadings as adequately identifying acts of discrimination and retaliation. The opposition acknowledges the *Twombly* and *Iqbal* standard, but goes somewhat too far in citing *Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517, 521 (9th Cir. 1994) for the principle that the Court must assume that general allegations "embrace whatever specific facts might be necessary to support them." *Peloza*, however, cites *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 889 (1990), which in turn cites *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) for this principle. The old *Conley* standard, however, was specifically disapproved in *Twombly*. For this point, *Peloza* is therefore no longer good law.

Significantly, the opposition cites and characterizes large portions of the SAC, rather than quoting or pointing out specific facts alleged in it. The Court has carefully reviewed the SAC, the motion, the opposition, and the reply. It is not necessary to set down specific detailed analysis in this order; it is sufficient to say that Defendant's criticisms of the SAC in both its motion and reply brief are well-taken.

Although the motion is styled as a motion for judgment on the pleadings and cites Fed. R. Civ. P. 12(c), its arguments are the kind normally found in a Rule 12(b)(6) or 12(e) motion. That is, they simply argue that the SAC's allegations are too vague, generalized, and confusing to meet the pleading standard. The motion does not argue that the pleadings show Vogel's claims fail as a matter of law, or that amendment would be futile. Nor does it rely on outside evidence, which might result in the motion being treated as a motion for summary judgment. *See* Rule 12(d).

After attempting to show that the SAC is sufficient, the opposition requests that if the Court is inclined to grant the motion, Vogel be given leave to amend. While the reply brief reiterates its arguments for dismissal, it does not attempt to show, nor does it show, that Vogel could not successfully amend if given the opportunity. Normally, a plaintiff will be given an opportunity to amend, unless amendment would be futile or one of several other factors is present. *See In re Ford Tailgate Litigation*, 2014 WL 3899545, slip op. at *6 (N.D.Cal., Aug. 8, 2014) (citing, inter alia, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) and Fed. R. Civ. P. 15(a)). Here, it does not appear any of those factors are present. While it is an open question whether Vogel can amend successfully (that is, whether she can, consistently with Fed. R. Civ. P. 11, plead facts that would establish her right to relief), the Court cannot rule out the possibility.

To the extent the motion for judgment on the pleadings may have contemplated dismissal with prejudice, it is **DENIED**, but in all other respects it is **GRANTED**, and the SAC is **DISMISSED**. No later than September 15, 2014, Vogel may file her third amended complaint.

Vogel should take care that if she files a third amended complaint, it remedies the defects pointed out in the briefing on this motion, because she is now on notice of what

/ / /

/ / /

/ / /

/ / /

those defects are. If the third amended complaint fails to remedy them, the likely conclusion will be that she cannot successfully amend.

**IT IS SO ORDERED**.

DATED: August 15, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge